UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOYCE DECORMIER,
    *Plaintiff*,

v.

AURORA LOAN SERVICES LLC, *et al.*
    *Defendant*.

No. 3:18cv1889(JAM)

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff Joyce Decormier has filed this *pro se* lawsuit that seems to allege misconduct in connection with a mortgage loan for her home. Because the complaint does not allege facts that give rise to plausible grounds for federal jurisdiction or that state plausible grounds for relief and give fair notice to defendants, I will dismiss the complaint without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

### BACKGROUND

Decormier has filed a boilerplate form "Complaint for Interpleader and Declaratory Relief." She lists herself as plaintiff with an address in Connecticut. The caption of the complaint names the following four entity defendants: Aurora Loan Services LLC, Nationstar, McCalla Raymer Leibert Pierce LLC, and Sandelands Eyet LLC. Doc. #1 at 1. The body of the complaint names four individual defendants: Theodore Janulis, CEO of Aurora Loan Service LLC in Colorado; Jay Bray, CEO of Nationstar Services in Texas; Benjamin Staskiewicz, attorney from the law firm of McCalla Raymer Leibert Pierce LLC in Connecticut; and Crystal Cooke, attorney from the law firm of Sandelands Eyet LLP in New Jersey. *Id.* at 2.

The complaint alleges an amount in controversy of "[w]ell over $360,000.00 over a 30 yr span, plus the couple of yrs. on the remortage loan." *Id.* at 5. It otherwise alleges: "Elderly

ABUSE, FRAUD , Failure to Disclose, Assertion made with Knowlege of falsity and intent to deceive , illegal conversion of the property, Hyjacked Tiltle, Concealment, Misrepresentation, Property at 640 Old Hartford Rd. Colechester Ct. 06415." *Id.* at 7. It further alleges that "My signature has monitized the Promissory note 100%, The Creditors intern, took the bank check they had, sold it back to me as a debt plus interest. I am the Creditor, NOT the debtor." *Ibid.* The complaint contains no further factual allegations.

## DISCUSSION

Federal courts are courts of limited jurisdiction. A federal court complaint must allege facts that give rise to plausible grounds for a court to conclude that it has federal jurisdiction. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Decormier's complaint alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. #1 at 3. But diversity jurisdiction exists only if there is "complete" diversity among the opposing parties (*i.e.*, plaintiff is a citizen of a different State than all of the defendants). *See Strawbridge v. Curtis*, 3 Cranch 267 (1806) (Marshall, C.J.); *Imbruce v. Buhl*, 2016 WL 2733097, at *2 (D. Conn. 2016). Decormier alleges that she is from Connecticut and that at least two of the defendants (the law firm of McCalla Raymer Leibert Pierce LLC and Benjamin Staskiewicz) are also from Connecticut. There is no proper basis for diversity jurisdiction.

Nor is there any other apparent basis for federal jurisdiction. The complaint, for example, does not appear to allege any violation of federal law that would give rise to jurisdiction pursuant to 28 U.S.C. § 1331. Although the title of the complaint alleges that there is interpleader

jurisdiction, the complaint lacks any allegation that Decormier has deposited money or property to the registry of the Court to give rise to interpleader jurisdiction. *See Sechler-Hoar v. Tr. U/W of Gladys G. Hoart*, 2018 WL 3715277, at *3 (D. Conn. 2018). Accordingly, the complaint fails to allege plausible grounds to support federal jurisdiction.

In addition, even assuming there were federal jurisdiction, the sparse and conclusory allegations of the complaint manifestly fail to state plausible grounds for relief against any particular defendant. It is well established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although the Court must accept as true all factual matters alleged in a complaint, a complaint may not survive unless its factual recitations state a claim to relief that is at least plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). A complaint that fails to allege plausible grounds for relief may be subject to dismissal by the Court on its own initiative pursuant to 28 U.S.C. § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Dismissal of a complaint is generally reserved for those cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

The complaint does not state a plausible claim for relief. Although Decormier is clearly upset with defendants as a result of their apparent involvement with her mortgage loan, she has not alleged any dates or details of any wrongful conduct by any particular defendant. The complaint does not give fair notice to any of the defendants of what they did wrong. Accordingly, the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state facts that give rise to any plausible grounds for relief.

## CONCLUSION

The complaint (Doc. #1) is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The motion for leave to proceed *in forma pauperis* (Doc. #2) is denied as moot.

The Clerk of Court shall close this case. If Decormier believes there are plausible grounds for federal jurisdiction and for relief against against any of the defendants, then she may file a motion to re-open this case within 30 days and should attach to this motion a new proposed complaint that sets forth in a reasonably clear and chronological manner the necessary factual allegations (1) that establish federal jurisdiction, and (2) that show a clear factual basis with approximate dates and details about what each named defendant did wrong such that the defendant should be subject to liability. If Decormier believes that her rights have been violated but does not believe that she has proper grounds to assert federal jurisdiction, then she may consider whether to seek relief in the state courts of Connecticut.

It is so ordered.

Dated at New Haven this 21st day of November 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge